IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

IN THE MATTER OF THE                                                                              PETITIONER
COMPLAINT OF MAX MARINE LLC,
as owner *pro hac vice* and operator of
the M/V Crown Jewel                                                                  NO. 1:21-CV-56-DMB-DAS

## ORDER

On September 22, 2023, Max Marine, LLC, filed three motions for partial summary judgment. Docs. #127, #129, #131. Together, the memorandum briefs filed in support of the three motions total fifty-five pages. Docs. #128, #130, #132.

Local Rule 7(b)(5) provides that a movant's "original and rebuttal memorandum briefs together may not exceed a total of thirty-five pages." Page limits are "circumvented when a party distributes its separate but related contentions and legal challenges over several dispositive motions, each of which is accompanied by a brief that approaches the … page limit." *Welker Bearing Co. v. PHD, Inc.*, No. 06-13345, 2007 WL 1647878, at *1 (E.D. Mich. June 4, 2007); *see Fleming v. Cnty. of Kane*, 855 F.2d 496, 497 (7th Cir. 1988) ("Page limitations are important, not merely to regulate the Court's workload, but also to encourage litigants to hone their arguments and to eliminate excessive verbiage.") (internal quotations omitted); *Rainbow Nails Enters., Inc. v. Maybelline, Inc.*, 93 F. Supp. 2d 808, 810 n.1 (E.D. Mich. 2000) ("filing [of] separate motions addressing only certain counts of Plaintiff's Complaint" was an effort "to create the illusion of compliance with the Local Rules"). When a party circumvents a page limit by filing multiple dispositive motions, the proper course is to strike the motions and direct the filing of "a single consolidated motion and brief in support, combining all … arguments in a single filing." *PHD, Inc.*, 2007 WL 1647878, at *1. "[A] single filing, even if somewhat over the … page limit, is

vastly preferable to a profligacy of motions-which … invariably triggers multiple responses and replies, supported by escalating rounds of overlapping arguments and duplicative exhibits." *Id.*

Given this authority and the Court's observation that Max Marine's motions for partial summary judgment all relate to a matter arising from the same factual incident,[1] Max Marine's motions for partial summary judgment [127][129][131], the accompanying memorandum briefs [128][130][132], and the untimely[2] additional exhibits filed three days later [133][134][135] are **STRICKEN**. However, within fourteen (14) days of the entry of this order, Max Marine may file a single motion for summary judgment in accordance with the Local Rules. Such summary judgment motion, if filed, may not raise new bases for summary judgment and the memorandum briefs filed in support may not raise new arguments.

**SO ORDERED**, this 3rd day of October, 2023.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[1] With respect to the barge breaking free and causing damage to the bridge, the first motion seeks dismissal of the indemnity and contribution claim, Doc. #127; the second motion seeks dismissal of the negligence claim, Doc. #129; and the third seeks to limit liability to the value of the vessel, Doc. #131.

[2] The dispositive motions deadline was September 22, 2023. Doc. #113. The exhibits filed on September 25 were filed without leave of the Court.